**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DEVIN ANDRICH,

        Plaintiff-Appellant,

  v.

JOSEPH M. ARPAIO, Sheriff,
individually and in his official capacity;
UNKNOWN PARTY, named as John Doe
Jail Commander of Lower Buckeye Jail,
individually and in his official capacity;
UNKNOWN PARTY, named as John Doe
Radiologist, Assigned to Lower Buckeye
Jail, individually and in his official
capacity; UNKNOWN PARTY, named as
John Doe/Jane Doe Phoenix Facility
Health Administrator, individually and in
his official capacity; UNKNOWN
PARTIES, named as John Doe/Jane Doe I-
X, employed to Work for Sheriff Joseph
Arpaio and/or Correctional Health
Services, individually and in their official
capacity; CORIZON HEALTH, INC.;
CORRECTIONAL HEALTH SERVICES,
individually and in its official capacity;
UNKNOWN PARTY, named as John
Doe/Jane Doe, Tucson Facility Healthcare
Administrator, individually and in his/her

No.   20-15950

D.C. No.
2:16-cv-02111-DJH-JZB

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

official capacity; UNKNOWN PARTY, named as John Doe Dentist, Dentist Assigned to Lower Buckeye Jail, individually and in his official capacity; UNKNOWN PARTY, named as John Doe Doctor Assigned to Lower Buckeye Jail, individually and in his official capacity; UNKNOWN PARTY, named as Jane Doe Doctor Assigned to Alhambra Prison, individually and in his official capacity; UNKNOWN PARTY, named as Jane Doe Doctor Assigned to ADC's Tucson Prison, individually and in her official capacity; JESSE COONS, previously named as Doctor John Doe Coons Assigned to ADC's Safford Prison, individually and in his official capacity / Dr.; UNKNOWN PARTIES, named as John Doe/Jane Doe XI-XX Employed by Corizon, individually and in his/her official capacity; UNKNOWN PARTY, named as John Doe, Physical Therapist, Assigned to ADC's Safford Prison. individually and in his official capacity; UNKNOWN PARTY, named as Defendant XYZ, an Entity Incorporated, individually and in its official capacity; ANN MULLEN, facility health administrator; UNKNOWN PARTIES, named as John/Jane Doe Health Administrator; MARICOPA COUNTY; SUSAN OSRICH, NP; CONSTANCE MUHAMMAED, RN; KETUBAH VOLPE, NP; CORIZON, LLC; LISA ANN EASTMAN; LISA LYON, assistant facility health administrator; PENNY FISHER, clinical coordinator; SANDRA SEABOURNE, medical records

supervisor; GLEN BABICH, Dr., regional medical director; WINFRED WILLIAMS, Dr., regional medical director; JUSTIN WEISS, Dr., former radiologist; SCOTT ELLIS, Dr., orthopedic surgeon; UNKNOWN PARTIES, named as John Doe/Jane Doe I-X,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted September 9, 2021[**]

Before: FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges

Devin Andrich appeals the district court order granting summary judgment in favor of the county defendants in his 42 U.S.C. § 1983 civil rights action alleging a Fourteenth Amendment pretrial detainee dental care claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

Summary judgment was proper for the county defendants. Andrich failed to establish that the defendants acted with objective deliberate indifference to serious

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dental needs or put Andrich at a substantial risk of suffering serious harm. *See id.* at 1124-25 (setting forth the elements of a Fourteenth Amendment pretrial detainee medical care claim). This case is not like *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), where the prison continued to deny care for severe, emergency dental problems while the inmate experienced severe pain. At most, Andrich established a difference of opinion regarding his dental care. *See Gordon*, 888 F.3d at 1125 (requiring "something akin to reckless disregard"); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding that a difference of opinion regarding treatment does not rise to the level of deliberate indifference).

**AFFIRMED.**